IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

IN RE: MARILYN ORR )
) BANKRUPTCY CASE NO. 08 B 33130
) JUDGE A. Benjamin Goldgar
)

## NOTICE OF MOTION

**By US Mail**
TO:  US Trustee 219 S. Dearborn St. Rm. 873, Chicago, IL 60604
Tom Marilyn Marshall, 224 S. Michigan Ave. Ste. 800 Chicago, IL 60604
Marilyn Orr, 4323 Maple Ave., Stickney, IL 60402
Chase Manhattan Mortgage Corp., a.k.a. Chase Mortgage Services, Inc.,
Attn: Research Dept. G7 - PP3415, Vision Dr. Columbus, OH 43219
Chase Manhattan Mortgage Corp., a.k.a. Chase Mortgage Services, Inc.,
c/o CT Corporation System, 208 S. LaSalle St. Ste. 814, Chicago, IL 60604
Codilis & Associs, 15W030 Frontage Rd., Burr Ridge, IL 60527

PLEASE TAKE NOTICE that on September 1, 2009, at 9:30 a.m. or as soon thereafter as I may be heard, I shall appear before the Honorable Judge A. Benjamin Goldgar or any other Bankruptcy Judge presiding in his or her place in Courtroom 613 of the Dirksen Federal Building, 219 S. Dearborn, Chicago, Illinois on the attached Motion for Violation of Confirmation Order and Automatic Stay, and shall request that the attached Order be entered, at which time you may appear if so desired.

## PROOF OF SERVICE

The undersigned does hereby certify that a copy of this Notice, Motion and proposed Order was mailed to the above persons, at their respective addresses, postage prepaid, by depositing in the U.S. Mail at 20 E. Jackson Blvd, Chicago, Illinois 60604, before 6:00 p.m. to the above persons on or before August 7, 2009.

/s/ Anna Stanley

Anna Stanley ARDC# 6287467
LEEDERS & ASSOCIATES, LTD
Attorneys at Law
20 E. Jackson Blvd. Suite 850
Chicago, IL 60604
(312) 427-7400

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

IN RE:     MARILYN ORR            )
                                  ) BANKRUPTCY CASE NO. 08 B 33130
                                  ) JUDGE A. Benjamin Goldgar
                                  )

## MOTION FOR VIOLATION OF THE CONFIRMATION ORDER AND AUTOMATIC STAY

NOW COMES, MARILYN ORR (hereinafter referred to as 'Debtor') by and through her attorneys, Leeders & Associates, Ltd., and files the following Motion for Violation of the Confirmation Order and Automatic Stay, and in support thereof, respectfully represents as follows:

1. This Honorable Court has jurisdiction over this matter according to 28 U.S.C. §§ 1334(a) and (b) and 157.

2. Venue in this Honorable Court is proper according to 28 U.S.C. § 1409(a).

3. This matter is a non-core proceeding according to 28 U.S.C. § 157(b)(2), but is a related proceeding. Debtor will consent to final rule by the appointed bankruptcy judge.

## FACTUAL ALLEGATIONS

4. On August 20, 2001, Debtor purchased real property located at 4323 Maple Avenue in Stickney, Illinois (hereinafter referred to as 'Subject Property') with her son-in-law, Daniel L. Fuentes, and her daughter, Kathleen Fuentes (hereinafter referred to as 'Co-Borrowers'). (See Warranty Deed attached electronically hereto as Exhibit 'A' and incorporated by reference herein).

5. On January 23, 2004, Debtor and Co-Borrowers signed a mortgage (hereafter 'Mortgage') that transferred an interest worth $201,476.00 in Subject Property to Chase

1

Manhattan Manhattan Mortgage Corporation (hereafter 'Creditor'). (See Mortgage attached hereto as Exhibit 'B' and incorporated by reference herein).

6.     Also on January 23, 2004, Debtor and Co-Borrowers signed a Note to repay Creditor $201,476.00. (See Note attached hereto as Exhibit 'C' and incorporated by reference herein).

7.     On February 27, 2007, Co-Borrowers electronically filed a Chapter 7 bankruptcy petition with the United States Bankruptcy Court in the Northern District, Eastern Division, case number 07 B 03453.

8.     Co-Borrowers did not reaffirm their personal liability for Creditor's debt.

9.     On June 5, 2007, an Order of Discharge was entered in Co-Borrowers' bankruptcy, thus discharging Co-Borrowers' personal liability for Creditor's debt. Therefore, Debtor is the only party personally liable for Mortgage.

10.    Debtor electronically filed a Chapter 13 bankruptcy petition with the United States Bankruptcy Court in the Northern District of Illinois, Eastern Division on December 4, 2008. Case number 08 B 33130 was assigned to Debtor's bankruptcy.

11.    Debtor included Subject Property in Schedule A of her bankruptcy petition.

12.    Debtor included Creditor in Schedule D of her bankruptcy petition. Debtor listed Creditor's account number as 1621416135 and the mailing address as "P.O. Box 7892, Phoenix, Arizona, 85062."

13.    Debtor included arrears of $6,098.40 to Creditor in her proposed Chapter 13 plan. The estimated arrears of $6,098.40 were determined from a phone conversation Co-Borrower Kathleen Fuentes had with Creditor prior to the filing of Debtor's bankruptcy.

14.    Debtor's Meeting of Creditors was January 22, 2009. Creditor did not attend.

2

15.  Creditor did not file an objection to Debtor's proposed Chapter 13 plan.

16.  Debtor's Chapter 13 plan was confirmed February 17, 2009. The confirmed plan will pay Creditor $6,098.40. (See plan attached hereto as Exhibit 'D' and incorporated by reference herein).

17.  On January 26, 2009, Debtor emailed her lawyers. Debtor's email stated that Creditor returned the mortgage payment Debtor and Co-Borrowers sent in January 2009. The email also stated that Creditor "accepted" the previous month's mortgage payment. Debtor attached a letter from Creditor to the email. The letter indicated that the payment was returned because funds were not "up to date." (See January letter attached electronically hereto as Exhibit 'E' and incorporated by reference herein).

18.  On April 21, 2009, Debtor emailed her lawyers, again. Debtor's April email stated that Chase returned the April mortgage payments. Debtor prepared another payment of $4,066.88 for the April and May 2009 payments and sent it to Creditor. Again, Creditor sent a letter stating "Funds insufficient to cure default." (See April letter attached electronically hereto as Exhibit 'F' and incorporated by reference herein.)

19.  Debtor sent paperwork relating to Debtor's Chapter 13 bankruptcy to Creditor when Debtor resent the January 2009 mortgage payment, with the payment for April 2009 and, again, with the April and May 2009 combined payments.

20.  Debtor and Co-Borrowers called Creditor on several occasions to inform them that Debtor filed for bankruptcy.

21.  On May 6, 2009, Co-Borrower Kathleen Fuentes and Anna Stanley, one of Debtor's lawyers, called Creditor and spoke with a representative "Joel." Joel informed Co-Borrower and Debtor's lawyer that Creditor did not have notice of Debtor's

3

bankruptcy and refused to speak with Debtor's attorney beyond that. Co-Borrower Kathleen Fuentes asked to speak with Joel's supervisor. Joel replied that his supervisor told him to tell Co-Borrower and Debtor's attorney that all communication must go through "the court."

22. On May 7, 2009, Debtor filed a Motion to Allow Late-Filed Proof of Claim of Chase Manhattan Mortgage Corp. Creditor and Creditor's Illinois registered agent, CT Corporation System, were mailed notice of the motion. (See Notice of Motion attached hereto as Exhibit 'G' and incorporated by reference herein).

23. On June 2, 2009, the Motion to Allow Late Filed Proof of Claim of Chase Manhattan Mortgage Corp. was heard by the Honorable A. Benjamin Goldgar. The motion was denied as unnecessary. Creditor did not appear at the motion nor did Creditor retain counsel to represent Creditor.

24. Creditor is accepting payment from the Chapter 13 trustee pursuant to Debtor's Chapter 13 plan. (See Claim Detail and Disbursements attached hereto as Exhibit 'H' and incorporated by reference herein).

25. When Debtor filed Chapter 13 bankruptcy, Debtor and Co-Borrowers owed Creditor $6,098.40. As of June 2, 2009, Creditor alleged that $12,781.51 is owed. As of June 17, 2009, Creditor's website stated that the payment due was $14,896.29. (See Account Details attached electronically hereto as Exhibit 'I' and incorporated by reference herein).

26. On June 27, 2009, Creditor sent Co-Borrowers a letter stating its intent to foreclose on Subject Property. (See letter attached electronically hereto as Exhibit 'J' and incorporated by reference herein)

4

## COUNT 1: VIOLATION OF CONFIRMATION ORDER AND 11 U.S.C. § 1327

27. Debtor adopts and incorporates by reference the facts contained in Pargraphs 1 through 26 as if fully set forth here.

28. On December 4, 2008, Subject Property became property of the bankruptcy estate pursuant to 11 U.S.C. § 541.

29. Debtor's Chapter 13 plan was confirmed on February 17, 2009. Creditor is bound by the confirmed plan.

30. The confirmed plan provides that the Mortgage "will be reinstated according to its original terms, extinguishing any right of the mortgagee to recover any amount alleged to have arisen prior to the filing of the petition" if the debtor pays the cure amount specified in Paragraph 5 of Section E and makes timely post-petition payments.

31. Paragraph 5 of Section E provides that Creditor will receive $6,098.40 except that the arrears payable may be reduced with consent of the mortgagee or by court order.

32. Debtor, the mortgagee, did not consent to reduce the arrears payable to Creditor. Nor did debtor file a motion to reduce the arrears payable. In fact, Debtor filed a Motion to Allow Late Filed of Chase Manhattan Mortgage Corp. and a proof of claim for $10,666.73 to increase the amount of arrears paid by the plan because Creditor continued to add to the mortgage arrears despite the confirmed plan.

33. Paragraph C of the confirmed plan provides that Debtor will make current monthly mortgage payments of $2,032.80 directly to Creditor.

34. Debtor or Co-Borrowers have sent a mortgage payment each month since the filing of her bankruptcy. Creditor is not accepting these post-petition payments, thus, violating the confirmed plan.

35. Debtor has reason to believe that Creditor did not apply the June 2009 mortgage payment that Debtor's attorney sent on Debtor's behalf. The letter dated June 27, 2009 and stating Creditor's intent to foreclose indicated the default was $12,781.51. On June 17, 2009, the payment due was $14,896.29. (See Exhibit 'I').

36. Creditor is violating Debtor's confirmed plan to the extent that Creditor is not accepting post-petition mortgage payments. As a result of Creditor's violation, Debtor has suffered actual damages including late fees that Creditor adds to the loan amount. Debtor seeks to recover those actual damages, as well as actual damages for attorneys' fees and court costs incurred bringing this Complaint and reasonable punitive damages for the continuous willful violation of the confirmed plan.

## COUNT II: VIOLATION OF 11 U.S.C. § 362

37. Debtor adopts and incorporates by reference the facts and allegations contained in Paragraphs 1 through 36 as if fully set forth here.

38. Debtor's voluntary petition for Chapter 13 bankruptcy operates as a stay that prevents "any act to obtain possession of property of the estate ..." pursuant to 11 U.S.C. § 362.

39. An order modifying the automatic stay was not filed in Debtor's bankruptcy.

40. On June 27, 2009, Creditor sent a letter stating Creditor's intent to commence foreclosure proceedings if the default is not cured. (See Exhibit 'J').

41. Debtor has not received notice that a foreclosure proceeding was filed in state or federal court. However, Debtor should not have to wait for the foreclosure to be filed, thus further injuring Debtor, to demonstrate that Creditor has acted to obtain possession

6

of property of the estate. Creditor's letter from June 2, 2009 is an act to obtain possession of property of the estate. Therefore, Creditor has violated the automatic stay.

42. Creditor has repeatedly ignored written and verbal notification of Debtor's bankruptcy. Creditor has denied receiving notice of Debtor's bankruptcy.

43. Creditor, however, has accepted two payments from the Chapter 13 trustee pursuant to Debtor's Chapter 13 plan. Creditor clearly has actual notice of Debtor's bankruptcy and the automatic stay and is willfully and deliberately violating it.

44. Pursuant to 11 U.S.C. § 362(k)(1) an individual injured by a willful violation of a stay shall recover actual damages, including costs and attorneys' fees, and may recover punitive damages. Debtor has been injured by Creditor's willful violation of the stay. Creditor charged Debtor late fees on mortgage payments that came due after Debtor's bankruptcy was filed, as well as for expenses incurred as a result of collections activities after Debtor's bankruptcy was filed. Creditor's June 2, 2009 letter states that Debtor will be liable for any fees incurred if Creditor sends parties to inspect Subject Property. Debtor has incurred attorneys' fees and court costs bringing this Complaint. Debtor has also suffered a lot of stress as a result of Creditor's violation. Thus, Debtor seeks actual damages for fees charged by Creditor, for reasonable attorneys' fees and court costs and reasonable punitive damages for Creditor's continued willful violation of the automatic stay.

WHEREFORE, Debtor Marilyn Orr prays that this Honorable Court:

    A.    Find that the Creditor is in contempt of court for violating 11 U.S.C. § 1327;

    B.    Order Creditor to stop foreclosure proceedings immediately;

              Document      Page 9 of 9

      C.      Find that the Creditor is in contempt of court for violating 11 U.S.C. § 362;

      D.      Award Debtor damages, including loan fees, reasonable attorneys' fees, court costs and reasonable punitive damages for violation of 11 U.S.C. § 1327 and 11 U.S.C. § 362; and

      E.      Any other relief this Honorable Court deems just and necessary.

_/s/ Anna Stanley_
Anna Stanley ARDC# 6287467
LEEDERS & ASSOCIATES, LTD
Attorneys at Law
20 E. Jackson Blvd. Suite 850
Chicago, IL 60604
(312) 427-7400

8